EVELINA BRACHER, Appellant, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.

*Life insurance policy — right of the company to deduct from the amount payable at death a semi-annual premium falling due subsequently thereto.*

A policy of life insurance, by which the insurance company, upon the death of the insured, agreed to pay the beneficiary the sum of $10,000, provided on the face thereof as follows: "This assurance is granted in consideration of the written and printed application for this policy, which is hereby made a part of this contract, and of the payment in advance of Three hundred and eighty-three & 90/100 Dollars, and of the payment of Three hundred and eighty-three & 90/100 Dollars on or before the ninth day of February and August in every year thereafter during the lifetime of the assured."

After such agreement was the following clause: "The loans, surrender values, bonus guarantee, options, privileges and conditions stated on the second and third pages hereof form a part of this contract as fully as if recited at length over the signatures hereto affixed."

Upon the 3d page of the policy under a heading entitled, "Privileges and Conditions," was the following clause: "Although the contract is based on the receipt of premiums annually in advance, the premium may be made payable

in semi-annual or quarterly installments in advance, but in such case any future installments which at the maturity of the contract are necessary to complete the full year's premium shall be deducted from the amount of the claim."

The policy was issued August 10, 1898, and the insured died August 16, 1902.

*Held,* that the insurance company was not entitled to deduct from the amount of the policy the semi annual premium which became due February 9, 1903;

That full effect could be given to the clause printed under the heading, "Privileges and Conditions," by limiting its application to a policy in which an annual premium was reserved, and by holding that it did not apply to a policy, like the one under consideration, which contained no provision for an annual premium or for any premium payable in advance, except the first, but simply an express agreement that the insurance company would, in consideration of the premiums thereafter to be made at fixed periods, pay, upon the death of the insured, the sum of $10,000

PATTERSON and LAUGHLIN, JJ., dissented.

APPEAL by the plaintiff, Evelina Bracher, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 1st day of February, 1904, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

*Raphael J. Moses,* for the appellant.

*Charles W. Pierson,* for the respondent.

INGRAHAM, J. :

The action was upon a policy of insurance upon the life of George S. Bracher, payable to the plaintiff. The only question presented is whether the defendant is entitled to deduct from the amount due upon the death of the assured the sum of $383.90 as the premium for the balance of the year after the death of the assured. The policy was issued on August 10, 1898, and by it the defendant agreed to pay, upon the receipt of satisfactory proof of the death of the assured, the sum of $10,000 to the plaintiff. The policy provided: "This assurance is granted in consideration of the written and printed application for this policy, which is hereby made a part of this contract, and of the payment in advance of Three hundred and eighty-three & 90 / 100 Dollars, and of the payment of Three hundred and eighty-three & 90 / 100 Dollars on or before the ninth day of February and August in every year thereafter during the lifetime of the assured." On the 9th of August, 1902, the assured paid to the company $383.90, which was the payment provided for by the

policy.   The assured died on the 16th day of November, 1902, when, under this provision of the policy, the sum of $10,000 became payable to the plaintiff.   The defendant, however, deducted from that amount the sum of $383.90, paying the plaintiff the sum of $9,616.10, basing its right to make such deduction upon a condition that appeared upon the back of the policy.   Upon the face of the policy, after the agreement to pay the plaintiff the sum of $10,000 upon the death of the assured, in consideration of the payment by the assured of the sum of $383.90 on or before the ninth day of February and August in every year thereafter during the life of the assured, there is this clause : " The loans, surrender values, bonus guarantee, options, privileges and conditions stated on the second and third pages hereof form a part of this contract as fully as if recited at length over the signatures hereto affixed."   Upon the 3d page of the policy there is a heading, " Privileges and Conditions."   Under these words there are nine clauses, one of which provides for the payment of premiums, and then continues : " Although the contract is based on the receipt of premiums annually in advance, the premium may be made payable in semi-annual or quarterly installments in advance, but in such case any future installments which at the maturity of the contract are necessary to complete the full year's premium shall be deducted from the amount of the claim."   The learned trial court held that under this clause the defendant was entitled to deduct the semi-annual premium that became due on the 9th of February, 1903, almost three months after the death of the assured, and from the judgment entered thereon the plaintiff appeals.

In the policy itself there is nothing said about annual or semi-annual premiums.   The contract is one by which the defendant agrees to pay to the plaintiff $10,000 upon satisfactory proof of the death of the assured, and the instrument then recites that this assurance is granted in consideration of the payment of the sum of $383.90 on or before the ninth day of February and August in every year.   The defendant fixed the amount that it would require to be paid at each of these periods to assure to the plaintiff the sum that it agreed to pay upon the death of the assured, and in consideration of these payments being made it agreed to pay to the plaintiff the sum of $10,000, and the amount that it was to receive was inserted in writing, the other clause being the printed conditions annexed to the

policy. The express obligation. being to pay $10,000 and not $9,616.10, to justify the defendant in thus refusing to comply with the express terms of its agreement, the provision must be one which clearly authorized it to modify or limit the agreement that it had made. Now this is a printed condition annexed to the policy. It says that although the consideration is based on the receipt of premiums annually in advance, the premium may be made payable semi-annually or in quarterly installments in advance. Does that apply to a policy which, upon its face, contains no provision for an annual premium or any premium payable in advance, except the first? Any one reading these two clauses of the policy together might be justified in concluding that this clause related only to a policy which provided for an annual premium payable in advance and was inserted for the benefit of the policyholder so that he would have the privilege of paying the premium either semi-annually or quarterly, but that in such case the company would be entitled to deduct the balance of the premium for the year that was unpaid if a loss occurred before the other portion of the yearly premium had been paid. An agreement to pay the sum of $10,000 on the happening of a contingency named in consideration of the payment of a certain sum of money every six months is materially changed by a condition which relieves the obligor from paying all of that sum if the contingency upon which the amount is payable happens at one period of the year rather than at another, and to thus modify a contract by a condition printed on another page the modification, I think, must be explicit and clear. Full effect, I think, can be given to this clause by holding that it applies to a policy in which an annual premium is reserved and that it does not apply to a policy wherein the defendant expressly agrees that it will in consideration of the payments thereafter to be made at fixed periods pay upon the death of the assured the sum of $10,000.

I think the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN, J., concurred; PATTERSON and LAUGHLIN, JJ., dissented.

Judgment reversed, new trial ordered, costs to appellant to abide event.